UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-31(ADM/KMM)

UNITED STATES OF AMERICA,

Plaintiff,

v.

ABDIWELI MOHAMED JAMA,

Defendant.

**PLEA AGREEMENT AND
SENTENCING STIPULATIONS**

The United States of America and Abdiweli Mohamed Jama (hereinafter referred to as the "Defendant") agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the Defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1. **Charges.** The Defendant agrees to plead guilty to Counts 1 (Hobbs Act Robbery) and 2 (Discharging a Firearm During and in Relation to a Crime of Violence) of the Indictment. The government agrees to dismiss Count 3 at the time of sentencing.

2. **Factual Basis.** The Defendant agrees to the following factual basis:

On November 9, 2020, the Defendant went to Market Barbecue in Minneapolis, Minnesota armed with a semi-automatic pistol. When all the customers left, he approached the counter and removed a gun from his jacket with the attempt to rob the Market Barbecue. The employee attempted to thwart the robbery and engaged in a physical altercation with the Defendant. During the altercation, the pistol was discharged, striking the victim in the

shoulder and knee. The Defendant agrees that the victim suffered permanent and life-threatening injuries as a result of the shooting.

The Defendant fled on foot. The Defendant agrees that he left the pistol that he brought to the scene of the attempted robbery at Market Barbecue.

The Defendant agrees that Market Barbecue is a business that acquires goods and services through companies that do business in, and affecting, interstate commerce. Therefore, the Defendant agrees that by attempting to rob Market Barbecue, he affected interstate commerce as set forth in 18 U.S.C. § 1951 (Hobbs Act Robbery) and violated that statute.

The Defendant agrees that 18 U.S.C. § 1951 is a crime of violence as defined in 18 U.S.C. § 924(c). Further, the Defendant agrees that the firearm discharged while he was committing the robbery described above and therefore agrees that he violated 18 U.S.C. § 924(c).

3. **Statutory Penalties**. The parties agree that Count 1 of the Indictment carries statutory penalties of:

    a. a maximum of 20 years' imprisonment;

    b. no mandatory minimum term of imprisonment;

    c. a supervised release term of not more than 3 years;

    d. mandatory restitution pursuant to 18 U.S.C. § 3663A;

    e. a fine of up to $250,000; and

    f. a mandatory special assessment of $100.

The parties agree that Count 2 of the Indictment carries statutory penalties of:

    a.     a maximum of life imprisonment;

    b.     a 120-month mandatory minimum term of imprisonment that must run consecutive to Count 1;

    c.     a supervised release term of not more than 5 years;

    d.     a fine of up to $250,000; and

    e.     a mandatory special assessment of $100.

4. **Revocation of Supervised Release.** The Defendant understands that if he were to violate any condition of supervised release, the Defendant could be sentenced to an additional term of imprisonment up to the length of the original supervised release term, subject to the statutory maximums set forth in 18 U.S.C. § 3583.

5.     **Guideline Calculations.** The parties acknowledge that the Defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing. The parties also acknowledge the Court will consider the United States Sentencing Guidelines (hereinafter "U.S.S.G.") in determining the appropriate sentence and stipulate to the following guideline calculations:

    a.     <u>Base Offense Level</u>. The parties agree that the base offense level for Count 1 of the Indictment is 20. U.S.S.G. §2B3.1(a).

    b.     <u>Specific Offense Characteristics</u>. The parties agree that the Defendant caused the victim permanent or life-threatening injury increasing the base offense level by 6 levels. U.S.S.G. §2B3.1(b)(3)(C).

    c.     <u>Chapter Three Adjustments</u>. The parties agree no Chapter Three adjustments apply, except for acceptance of responsibility.

3

d.  <u>Acceptance of Responsibility</u>: The parties agree that if Defendant (1) provides full, complete and truthful disclosures to the United States Probation and Pretrial Service Office, including providing complete, accurate and truthful financial information; (2) testifies truthfully during the change of plea and sentencing hearings; (3) complies with this agreement; and (4) undertakes no act inconsistent with acceptance of responsibility before the time of sentencing, the government agrees to recommend that Defendant receive a 3-level reduction for acceptance of responsibility under U.S.S.G. §3E1.1(a), and to move for an additional one-level reduction under §3E1.1(b). Whether there will be a reduction for acceptance of responsibility shall be determined by the Court in its discretion.

e.  <u>Total Adjusted Offense Level</u>. Taking into account the reduction for accepting responsibility, the Defendant's total adjusted offense level as to Count 1 of the Indictment is 23.

f.  <u>Criminal History Category</u>. Based on the information currently available to the parties, it appears Defendant should be assigned to criminal history category I. Defendant's actual criminal history will be determined by the Court based on the information presented in the presentence investigation and by the parties at the time of sentencing.

g.  <u>Consecutive Mandatory Minimum for Count 2</u>. The Defendant agrees that the guideline range for Count 2 is a consecutive mandatory minimum term of 120 months.

h.  <u>Guideline Range</u>. If the Defendant's adjusted offense level is 23 and his criminal history category is I, the advisory Guideline range for Count 1 is 46-57 months' imprisonment, plus 120 months mandatory consecutive for Count 2, resulting in an advisory guideline range of 166-177 months' imprisonment.

i.  <u>Fine Range</u>. If the total offense level is 23, the fine range is $20,000 to $200,000. U.S.S.G. § 5E1.2.

j.  <u>Supervised Release</u>. The supervised release term is at least 2 years but not more than 5 years. U.S.S.G. § 5D1.2(a).

k.  <u>Sentencing Recommendation and Departures</u>. The government agrees to recommend a variance regarding Count 1 and will not seek a sentence of more than 24 months. The government will seek a 120-

month consecutive mandatory sentence for Count 2. The Defendant is free to seek a further downward departure or variance for Count 1. However, the Defendant understands that he cannot be sentenced to less than 120 months, the mandatory minimum, for Count 2.

6. **Special Assessment.** The Guidelines require payment of a special assessment in the amount of $200.00 at the time of sentencing. The Defendant agrees he owes this amount.

7. **Waivers of Appeal.** The Defendant understands that 18 U.S.C. § 3742 affords the Defendant the right to appeal the sentence imposed in this case. Acknowledging this right, and in exchange for the concessions made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by 18 U.S.C. § 3742 to appeal his sentence, unless the sentence exceeds 138 months. The Defendant has discussed these rights with his attorney. The Defendant understands the rights being waived, and the Defendant waives these rights knowingly, intelligently, and voluntarily.

8. **Restitution.** The defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the Defendant to make restitution to the victims of his crimes. The Defendant also understands and agrees the Court may order him to make restitution to any victims of his crimes regardless of whether the victims were named in the Indictment. The Defendant agrees that he is responsible for, and that the Court shall order him to pay restitution in the amount to be determined to, the individual businesses and victim employees identified in the Indictment and/or specified above. There is presently no agreement as to the amount of

restitution. However, the parties agree that they will work together to resolve any disputes as to restitution prior to sentencing.

The Defendant agrees to make restitution to Market Barbecue, the employee victim, and also to Speedway, the victim named in Count 3 of the Indictment, in the amount determined by the Court at sentencing.

9. **Forfeiture.** The Defendant agrees to forfeit the firearm that was used in the commission of the offense.

10. **Complete Agreement.** This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the Defendant.

Date: 11/16/21

CHARLES J. KOVATS, JR.
~~W. ANDERS FOLK~~
Acting United States Attorney

David P. Steinkamp
Assistant U.S. Attorney

Date:

Abdiweli Mohamed Jama
Defendant

Date: 11/16/21

Adrian Montez
Counsel for Defendant

6