UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-31(ADM)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **GOVERNMENT'S POSITION REGARDING SENTENCING** |
| v. | |
| ABDIWELI MOHAMED JAMA, | |
| Defendant. | |

The United States by its attorneys, Charles J. Kovats, Acting United States Attorney for the District of Minnesota, and David P. Steinkamp, Assistant United States Attorney, hereby submits its Position Regarding Sentencing in the above-entitled matter.

1.  **SENTENCING GUIDELINES.**

    A.  **Base Offense Level.**

    The government agrees with the conclusion of the Pre-Sentence Report (PSR) that the base offense level for Count 1 of the Indictment is 20.  The government agrees that the penalty for Count 2 is 120 months' consecutive to Count 1.

    B.  **Specific Offense Characteristics.**

    The government agrees with the conclusion of the PSR that a six-level increase of the base offense level is warranted, increasing the total offense level to 26.  The government agrees no other specific offense characteristics are applicable.

2.     **ACCEPTANCE OF RESPONSIBILITY.**

The government agrees that a 3-level reduction for acceptance of responsibility is warranted, as long as Defendant continues to accept responsibility for his crimes, reducing the offense level for Count 1 to level 23.

3.     **CRIMINAL HISTORY.**

The government concurs in the conclusion of the PSR that the Defendant falls within criminal history category I.

4.     **CONSECUTIVE SENTENCE FOR COUNT 4.**

The government agrees with the PSR that the applicable sentence for Count 2 is a mandatory minimum term of 120 months, to be imposed consecutively to any sentence imposed for Count 1.

5.     **APPLICABLE GUIDELINE RANGE.**

With a total offense level of 23 and a criminal history category of I, the government recommends that the Court find the guideline range for Count 1 to be 46-57 months' imprisonment. Applying the mandatory minimum consecutive sentence of 120 months increases the total guideline range to 166 -177 months' imprisonment.

6.     **DOWNWARD VARIANCE.**

The Defendant pled guilty to the charges against him early in the course of the case. This crime appears to be an aberration in his life, given his age and minimal criminal history. In order to resolve this matter short of trial, and to assure a conviction, the government agreed to recommend a downward variance as part of the plea agreement. The victims were consulted and agreed to this resolution. Accordingly, the government

requests that the Court accept the plea agreement, vary downward and sentence the Defendant to 144 months' total imprisonment, 24 months for Count 1 and a consecutive 120 months' imprisonment for Count 2 pursuant to the plea agreement.

**7.     SENTENCING FACTORS.**

Under 18 U.S.C. 3553(a), when determining the ultimate sentence, the Court looks to the nature and circumstances of the offense; the history and characteristics of the defendant; the seriousness of the offense; the need to promote respect for the law; the need to provide adequate deterrence and protection of the public; providing the defendant with needed educational training, vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences available; and the applicable guideline sentencing range.  18 U.S.C. 3553(a).

**A.     A Variance Below 144 Months is Not Warranted.**

The Court should reject the Defendant's request for a variance below 144 months imprisonment.  To accept such an argument does not hold the Defendant accountable for the gravity of the crime.  A variance down to 144 months is sufficient, but not greater than necessary, to achieve the goals of sentencing.

**B.     The History and Characteristics of the Defendant Warrants a 144-Month Sentence.**

The Defendant does not have a serious prior criminal history.  This will be his first stint in prison.  The government recognized this and recommended the variance.

### C. The Nature of the Offense and the Need to Protect the Public Also Warrants a 138-Month Sentence.

There is no question that the Defendant's acts were serious and dangerous. He robbed two separate businesses. During the first, he fired a shot that struck the victim twice. The injuries that the victim received completed changed the rest of his life. A significant sentence is warranted to protect the public and deter the Defendant from similar conduct in the future. Based on the Defendant's individual characteristics, under the unique facts and circumstances of this case, and acknowledging the plea agreement and concession by the government, a sentence of 144 months is sufficient, but not greater than necessary, to achieve the goals of sentencing in this matter.

### 8. RESTITUTION.

As of the time of this writing, no requests for restitution have been made. However, if they are, the government requests that the Court grant them.

### 9. SUPERVISED RELEASE.

The government requests a supervised release term of 5 years.

Dated: March 17, 2021

Respectfully Submitted,

CHARLES J. KOVATS, JR.
Acting United States Attorney

*s/ David P. Steinkamp*

BY: DAVID P. STEINKAMP
Assistant U.S. Attorney
Attorney ID No. 178470