United States Court of Appeals

For the Eighth Circuit
_____

No. 22-1829
_____

United States of America

*Plaintiff - Appellee*

v.

Abdiweli Mohamed Jama, also known as Abdiwali Mohamed Jama

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Minnesota
_____

Submitted: February 13, 2023
Filed: April 26, 2023
[Unpublished]
_____

Before SMITH, Chief Judge, STRAS and KOBES, Circuit Judges.
_____

PER CURIAM.

    Abdiweli Jama pleaded guilty to two counts related to a robbery, 18 U.S.C. §§ 1951, 924(c)(1)(A)(ii)–(iii), and the district court[1] sentenced him to 144 months

---

[1] The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

in prison. Jama argues that his sentence is substantively unreasonable considering the § 3553(a) factors. We affirm Jama's sentence.

We review the reasonableness of a sentence for an abuse of discretion. United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Jama received a below-Guidelines sentence, making it "nearly inconceivable that the court abused its discretion in not varying downward still further." United States v. Lazarski, 560 F.3d 731, 733 (8th Cir. 2009).

Jama argues that the district court failed to consider a relevant factor—that the COVID-19 pandemic made it difficult for him to get treatment for his opioid addiction and depression. See Feemster, 572 F.3d at 461 (explaining that the district court abuses its discretion when it "fails to consider a relevant factor that should have received significant weight" (citation omitted)). But the district court did consider this factor. The district court discussed how drugs "did a lot to take [Jama] off the rails of life and turn [him] into a person that [he] hadn't been up to that point in time." Sentencing Tr. 16. And at sentencing, Jama's attorney discussed how the pandemic prevented Jama from checking into resource centers. United States v. Keating, 579 F.3d 891, 894 (8th Cir. 2009) ("Because the sentencing record demonstrates that the district court heard [the defendant's] arguments . . . , the court properly considered those facts.").

Jama argues that his law-abiding record prior to his drug addiction should have been given greater weight. But the district court's "choice to assign relatively greater weight to the nature and circumstances of the offense than to the mitigating personal characteristics of the defendant is well within the wide latitude given to individual district court judges in weighing relevant factors." United States v. Wilcox, 666 F.3d 1154, 1157 (8th Cir. 2012) (cleaned up). The district court has not abused its discretion, and we affirm.

_____

-2-

Appellate Case: 22-1829     Page: 2     Date Filed: 04/26/2023 Entry ID: 5269373