RECEIVED
NOV 2 4 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MINNESOTA

ABDIWELI MOHAMED JAMA
(petitioner-defendant)

v.

Case No: 21-CR-0031
Honorable Ann D. Montgomery

UNITED STATES OF AMERICA
(respondent-plaintiff)

**PETITIONER'S REPLY TO GOVERNMENT'S RESPONSE TO
MOTION FILED UNDER 28 U.S.C. 2255**

Comes now, Abdiweli Mohamed Jama ("petitioner"), files this reply to this honorable Court to address the erroneous factual and legal conclusions argued by the government in opposing petitioner's claims presented in the motion filed under 28 U.S.C. Section 2255, based on ineffective assistance of counsel. In support thereof, petitioner respectfully avers the following:

**I. THE COUNSEL'S AFFIDAVIT IS MISLEADING AND BLATENTLY FALSE**

Government relies on an affidavit from counsel stating that counsel "remembers" advising petitioner of the deportation consequences "during a Zoom call" before petitioner's plea. As an initial matter, petitioner requests that a recording of such Zoom call be provided to the court as evidence along with any other evidence to corroborate counsel's assertions.

Upon a closer look, however, counsel's memory of events does not fit his conduct in the courtroom. The parties agree that a plea agreement with the government reached following several negotiations, which



included several different proposals and multiple drafts of plea agreement (ECF 103, Exs 1, 3, 4, 5, 7, 8). During all those negotiations, counsel did not care to notify the government to include a clause in the plea agreement advising any immigration consequences. Moreover, during plea colloquy, if the counsel was competent, he would have informed the court of this extremely important fact about the petitioner. At petitioner's sentencing, while counsel described petitioner's childhood and journey to the United States, counsel still did not inform the court that petitioner would be deportable. If counsel had advance knowledge of the immigration consequences (as he now claims), he was duty-bound - as an officer of the court - to inform the court that petitioner faces definite and adverse immigration consequence.

The fact is that counsel did NOT advise any immigration consequences to petitioner at any time. At this juncture, in order to hide his incompetence and deficient performance, counsel engages in a dishonest, disgraceful and disingenuous conduct by making false allegations against petitioner. Counsel's malfeasance goes so far that he claims that petitioner "joked" of being deported. Petitioner has spent his entire life in the United States, has a wife, three minor children and his entire family in the United States. And while the idea of separation from family may be amusing to the counsel, it would be absolutely frightening for the petitioner. He loves and cherishes his family and takes prides to call United States as his home. Counsel's false assertions in his affidavit leads to only one conclusion, that counsel's constitutionally ineffective performance has now moved into a realm of legal malpractice.

## II. RESPONSE TO GOVERNMENT'S ARGUMENTS

First, the government agrees that it knew about petitioner's status as legal permanent resident based on the bond reports prepared at petitioner's initial appearance. The government also agrees that all parties were aware of petitioner's childhood and his journey to the United States. The government finally agrees that both the government and the counsel failed to mention petitioner's immigration consequences both at plea and sentencing hearings, and that "counsel's duty was to give Jama clear advise that his conviction would make him deportable."

However, the government labels their failure to inform petitioner about adverse immigration consequences in the plea agreement as "unfortunate." Ultimately, the government relies on the false affidavit from the incompetent counsel to argue that petitioner was informed about possible immigration consequences. As stated above, there was no conversation between petitioner and counsel about the adverse immigration consequences. (See. EXHIBIT-A; Sworn Declaration from Petitioner). Moreover, if petitioner would have been correctly advised about the immigration consequences, petitioner would surely have rejected such an offer, as he had already done FOUR TIMES before he agreed on the final plea. As expressed in petitioner's attached declaration, he would have taken a chance at trial, based on a number of viable defenses.

The government's response also fails to address all the grounds of relief presented in 2255 motion. Insofar those grounds have not been opposed by the government, petitioner requests that the court deems those grounds as conceded by the government.

Finally, as government's response is based on counsel's false assertions, the issue of deficient performance and prejudice is now hinged on the credibility determination of petitioner and counsel, warranting an evidentiary hearing. Petitioner however opposes the government's request for eight-weeks time to arrange for petitioner's transfer to the court. The Immigration Judge in petitioner's case has issued a Master Calendar date of December 15, 2025, to order petitioner removable from the United States. Petitioner humbly requests the court to issue a writ to the United States Marshals to immediately transfer petitioner to Minnesota for the evidentiary hearing before December 15, 2025. Petitioner would not oppose government's eight-weeks request if the government contacts Office of the Immigration Judge at Philadelphia, PA, and directs the agency staff to postpone the scheduled immigration hearing.

III. CONCLUSION

Based on the foregoing, petitioner respectfully submits that he was not only denied the effective assistance of counsel during a critical phase of litigation, but he was also unadvised by both the plea agreement and this court of the implications of his plea. Had petitioner known that he faced deportation, he rationally could have been more concerned about banishment from the United States than the possibility of additional jail time for criminal charges. Under the circumstances based on severity of deportation, petitioner respectfully requests that his guilty plea be vacated and petitioner be placed in pre-trial proceedings.

Date: November 13, 2025

Respectfully Submitted,

Abdiweli Mohamed Jama, pro se
Reg. No.: 31380-509
FCI Allenwood Low, P.O. Box 1000
White Deer, PA 17887